UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR09-62 RSM |
| Plaintiff, | |
| v. | ORDER ON PENDING MOTIONS |
| QUY DINH NGUYEN, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion for Appointment of Counsel (Dkt. #239) and Defendant's letter motion seeking extension of a deadline (Dkt. #241). Both the motions are premised on Defendant's desire to file a 28 U.S.C. § 2255 petition seeking habeas relief. Defendant believes that *Nika v. Gittere*, Case No. 09-cv-178-JCM-WCG, 2019 WL 2453658 (D. Nev. June 12, 2019), a district court case from the District of Nevada, affords him a basis for relief from his judgment of conviction. Dkt. #239 at 2. Defendant accordingly seeks counsel to assist him in presenting his claim and an extension of the time for filing a section 2255 petition. For the following reasons, the Court denies the motions.

**A. Background**

Defendant entered a plea of guilty to one count of conspiracy to manufacture marijuana and, on February 17, 2012, was sentenced to 304 months in federal custody and five years of supervised release. Dkt. #208. Following the dismissal of his direct appeal, Defendant filed a

ORDER – 1

pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Dkt. #223; *Nguyen v. United States of America*, Case No. 14-cv-533-RSM (W.D. Wash. April 9, 2014). Defendant's first section 2255 petition was denied on November 14, 2014. *Nguyen*, Case No. 14-cv-533-RSM, Dkt. #11. Defendant's appeal of the order denying his petition was later dismissed. *See id.*, Dkt. #16 (March 23, 2015).[1]

Defendant now seeks counsel and an extension of time to file a second section 2255 petition. Dkts. #239 and #241. Defendant indicates that he "speaks very little of the English language and is unable to read English," that the prison where he is housed "went on a full lockdown" in April 2020 and he was prevented from utilizing the law library for a period of time, and that he continues to be limited in his ability to use the law library. Dkt. #239 at 1–2. Defendant further indicates that he is no longer able to get the assistance of an inmate that was helping him pursue this matter. *Id.* at 2. Defendant continues to believe that the resolution of *Nika* affords him a path to a meritorious habeas petition. Without relief, Defendant indicates, "it is highly unlikely that [Defendant] will be able to prepare" a section 2255 petition. *Id.*

Subsequent to his motion to appoint counsel, Defendant filed a letter motion with the Clerk indicating that his section 2255 petition was not yet ready and that he needed additional time to prepare it. Dkt. #241 at 1. Again, Defendant indicated that the delay was attributable to his lack of proficiency in English and his inability to receive assistance from a fellow inmate. *Id.* In addition to seeking additional time to file his petition, Defendant requested that the letter motion be entered on the docket "to continue to show diligence." *Id.*

//
//

---

[1] Defendant has also unsuccessfully sought a reduction of his sentence. Dkts. #229 and #238.

ORDER – 2

**B. Defendant's Request for Counsel is Denied**

Defendant does not have a right to appointed counsel to pursue post-conviction relief. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). Instead, the Court is vested discretion to appoint counsel in section 2255 cases where "the interests of justice so require" and the petitioner is otherwise "financially eligible." 28 U.S.C. § 2255(g); 18 U.S.C. § 3006A(a)(2).

Here, the Court will not exercise its discretion to appoint counsel. Defendant has not fully fleshed out the reason that he believes *Nika* entitles him to relief. Of course, this is why he seeks the assistance of counsel. But the Court does not find that the interests of justice are served by exploring Defendant's theory further because a petition based on *Nika* would fail for several reasons.

First, Defendant has already sought post-conviction relief from the judgment in this case. *See* Dkt. #223. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits prisoners' ability to file second or successive petitions, requiring that any such motion "must be certified as provided in section 2244." 28 U.S.C. § 2255(h). Section 2244, in turn, requires that before filing a petition in the district court, a defendant must seek an order from the appropriate court of appeals authorizing the district court to consider the petition. *Id.* § 2244(b)(3)(A). This requirement is jurisdictional. *Ezell v. United States*, 778 F.3d 762, 765 (9th Cir. 2015) ("Section 2255(h)(2) creates a jurisdictional bar to the petitioner's claims: 'If the petitioner does not first obtain our authorization, the district court lacks jurisdiction to consider the second or successive application.'") (quoting *United States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir. 2009)); 28 U.S.C. § 2244(b)(4). Thus, even if Defendant had already filed a timely petition premised on Nika, it would be dismissed due to his failure to first obtain certification from the appropriate court of appeals.

ORDER – 3

Second, Defendant's claims appear unlikely to receive certification from the appropriate court of appeals. Second and successive motions must proceed on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Defendant's potential petition does neither. Defendant indicates his reliance on *Nika* but does not establish, and the Court does not find, that *Nika* dealt with a new rule of constitutional law. Further still, Defendant points to no Supreme Court case making any new rule of constitutional law retroactive.

Third, Defendant's claims appear untimely. The AEDPA includes a 1-year period of limitation which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). More than a year has clearly passed since Defendant's judgment of conviction became final following the Ninth Circuit's dismissal of his direct appeal. Dkt. #222 (November 25, 2013 Mandate). Defendant does not allege that governmental action prevented him from pursing his claims earlier. As noted previously, Defendant does not point to action by

ORDER – 4

the Supreme Court. And, even assuming that the district court decision in *Nika* constitutes "facts supporting" his claim, *Nika* was decided more than a year prior to Defendant filing his motions.

Fourth, Defendant's legal position does not appear substantively strong. *Nika*, as a district court case from the District of Nevada, is not binding on this Court. Even so, *Nika* dealt with allegations that trial counsel was ineffective in seeking mitigating evidence in the penalty phase of a trial imposing the death penalty. *Nika*, 2019 WL 2453658. Defendant's case was not a death penalty case and Defendant's first habeas proceeding was already based on claims of ineffective assistance of counsel. Dkt. #223; *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998) (explaining that a claim is considered "successive" if the "basic thrust or gravamen of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments") (internal quotations omitted).

Fifth, Defendant does not, in any way, address his apparent ability to prepare these filings under the same circumstances as those he maintains prevent him from preparing a section 2255 petition. Further, Defendant's filings illustrate an understanding—even if ultimately incorrect—of legal issues and an ability to present those issues to the Court. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (no abuse of discretion in denying counsel where pleadings demonstrated "a good understanding of the issues and the ability to present [contentions] forcefully and coherently") (citing *Bashor v. Risley,* 730 F.2d 1228, 1234 (9th Cir.), *cert. denied,* 469 U.S. 838 (1984)).

For all of these reasons, the interests of justice are not served by the appointment of counsel and the Court denies the motion.

**C. The Court Does Not Grant an Extension**

As noted, Defendant is to seek relief, if at all, from an appropriate court of appeals. Accordingly, the Court does not find it appropriate to address Defendant's request for an

ORDER – 5

extension of time to file his second or successive section 2255 petition. That determination is appropriately left to a panel of the appropriate court of appeals. Further, and as noted above, it appears that the limitations period applicable under the AEDPA has already expired and Defendant provides no basis for relief from a deadline that is clearly set forth in the AEDPA and which appears to have passed before Defendant filed either motion. The Court denies the request for an extension.

**D. Conclusion**

Having reviewed Defendant's motions and the remainder of the record, the Court ORDERS that:

1. Defendant's Motion for Appointment of Counsel (Dkt. #239) is DENIED.

2. Defendant's letter motion seeking an extension of time (Dkt. #241) is DENIED.

3. The Clerk is DIRECTED to provide a copy of this Order to Defendant.

DATED this 7th day of September, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 6