UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>QUY DINH NGUYEN,<br><br>                    Defendant. | CASE NO. CR09-062RSM<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on the Motion for Compassionate Release filed by Defendant Quy Dinh Nguyen. Dkt. #246. Mr. Nguyen, an inmate at FCI Herlong in California, moves for a reduction in his custodial sentence to time served. *Id.* He makes this request because he "had a biopsy and had two 3mm polyps removed from his colon and is waiting for the results to see if they are malignant." *Id.* at 1. He is concerned about contracting Covid-19 while incarcerated. *Id.* He discusses risks of heart attack from the Covid-19 vaccine. *Id.* at 13. He states that there are substances in the major brands of the Covid vaccine that "don't belong in the human body" including "a superconductor that behaves as an energy capacitor…. And is capable of self-assembly." *Id.* at 14. He cites an anonymous doctor as finding "some kind of spider like beings critters [sic] with tentacles that appeared to move of their own volition." *Id.* His criticisms of the Covid-19 vaccine go on in this fashion for several pages. These criticisms strike the Court as both fantastical and irrelevant to the instant Motion. Mr. Nguyen states that he has received the Pfizer vaccine, *Id.* at 19, but does not mention any negative health effect on him from the vaccine. He also cites the conditions of confinement during the ongoing Covid-19 pandemic as a basis for compassionate release. *Id.* at 20. He generally discusses the worst conditions at

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 1

California prisons during the height of the pandemic. *Id*. at 22. He states that he is 55 years old. *Id*. at 24. He discusses the health concerns and deaths of other inmates from Covid-19. He discusses his threat to the community and the Section 3553(a) factors.

The Court will briefly mention the background facts of this case. On July 21, 2009, Mr. Nguyen and two codefendants were charged in this Court with: Conspiracy to Manufacture Marijuana and Manufacturing Marijuana (more than 1,000 plants), in violation of 21 U.S.C. §§ 841(a)(1) and 846; Conspiracy to Engage in Money Laundering, in violation of 18 U.S.C. § 1956(h); and Unlawful Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). Dkt. #40 (Second Superseding Indictment).

On October 7, 2009, Mr. Nguyen was charged in King County Superior Court with the state offenses of: Leading Organized Crime; Murder in the First Degree; Conspiracy to Commit Murder; Attempted Murder; Assault in the First Degree; Conspiracy to Commit Professional Gambling in the First Degree; and Conspiracy to Distribute Marijuana.

On October 13, 2011, Mr. Nguyen entered a guilty plea in King County Superior Court to the offenses of Murder in the Second Degree and Conspiracy to Commit Leading Organized Crime. These offenses related to Mr. Nguyen's commissioning of a murder-for-hire that was performed against a gang member who tipped-off police to the location of one of Mr. Nguyen's marijuana grow houses. Dkt. #6 at 2. Under the terms of the state plea agreement, Mr. Nguyen was permitted to recommend a low-end sentence of 204 months and the prosecutors would recommend a high-end sentence of 304 months. The state plea agreement also acknowledged that Mr. Nguyen would enter a guilty plea in the related federal case, and that the prosecutors in both cases would recommend concurrent sentences.

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 2

The following day, on October 14, 2011, Mr. Nguyen signed a federal plea agreement admitting guilt as to Count 1 of the Second Superseding Indictment (Conspiracy to Manufacture Marijuana). Dkt. #188 ("Plea Agreement"). Mr. Nguyen and the government agreed to recommend a sentence in the federal case that was identical to the sentence in the state case and that the federal sentence be run concurrently with the state sentence. Plea Agreement at ¶ 9.

Mr. Nguyen's state court sentencing hearing was completed on January 27, 2012. The state court imposed the maximum sentence of 304 months' imprisonment. The federal sentencing hearing was held on February 17, 2012. Consistent with the federal plea agreement, both the Government and Mr. Nguyen recommended 304 months (the same as in the state case) to run concurrent with the state sentence. This Court followed the joint recommendation.

Since then, Mr. Nguyen has filed several attempts to challenge the guilty pleas and the sentences imposed against him, including failed efforts to: withdraw his guilty plea in state court; withdraw his federal guilty plea; challenge the state conviction on direct appeal; attack the federal conviction and sentence on direct appeal before the Ninth Circuit; and collaterally attack the federal conviction under § 2255 twice. According to BOP records, Mr. Nguyen is scheduled to be released from custody on November 8, 2030.

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i).

The First Step Act of 2018 amended Section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons,
> *or upon motion of the defendant after the defendant has fully*

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 3

> *exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (italics reflecting amendment under First Step Act).

The Sentencing Commission offers guidance on medical conditions that may warrant compassionate release. Application Note 1 to USSG § 1B1.13 provides that "extraordinary and compelling reasons" for a sentence reduction exist when:

> (A) Medical Condition of the Defendant.
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III)

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 4

> experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

USSG § 1B1.13 cmt. n.1(A).

Faced with the rapid spread of COVID-19 through the country's prison systems, many courts have determined that the USSG's "medical condition" criteria are not well-suited to addressing the risk of serious illness or death from COVID-19. As a result, courts in this district have considered one or more of the following factors when evaluating a compassionate release request based on the threat of COVID-19: (i) whether the inmate is at higher risk because of his or her age and/or race; (ii) whether the inmate has one or more, medically-documented, chronic health conditions that render him or her more vulnerable to COVID-19; (iii) the fatality rate for individuals with similar health conditions as compared with the overall fatality rate for COVID-19; (iv) whether the inmate has previously tested positive for the coronavirus that causes COVID-19 and, if so, whether the inmate suffers from any long-term effects of the disease; and (v) whether the inmate's release is expected to reduce the risk of him or her contracting COVID-19. *United States v. Powers*, No. CR15-166 TSZ, 2020 WL 3605748, *2 (W.D. Wash. July 2, 2020) (collecting cases). Given the "catch-all" provision of the Commission's application notes, *see* USSG § 1B1.13, cmt. n.1(D), as well as the non-binding status of the comments to USSG § 1B1.13, the Court has discretion to consider the above factors. *Id.*

Mr. Nguyen has received a COVID-19 vaccination and is 55 years old with a possible diagnosis of cancerous polyps. He is inconsistent in describing the certainty of his alleged diagnosis – at one point stating he was told by medical providers "these detections were cancerous" and later stating medical personnel told him "it could be cancerous." Dkt. #246 at

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 5

24, 26. In any event, the Court agrees with the Government that the provided medical records do not substantiate a diagnosis of colon cancer, and that Mr. Nguyen fails to show that, even if he had been so diagnosed, BOP is unable to effectively treat the condition.

The remainder of the alleged harm facing Mr. Nguyen, either from receiving the Pfizer vaccine, or from the conditions of confinement at FCI Herlong, are entirely speculative and unsubstantiated in the record. Restrictive measures adopted by BOP in response to the pandemic do not constitute extraordinary and compelling reasons for compassionate relief absent some additional, defendant-specific reason for a reduction in sentence. The measures are not extraordinary and compelling because they apply to most, if not all, federal inmates in BOP.

Mr. Nguyen has failed to demonstrate a risk factor for COVID-19 sufficient to constitute extraordinary and compelling reasons for a sentence reduction. Further, he has failed to demonstrate that he is not receiving adequate medical care.

Given all of the above, the Court finds no extraordinary and compelling reason to grant the requested relief and the Court need not proceed through Mr. Nguyen's Section 3553 factors or any other considerations. Accordingly, having reviewed the Motion, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion for Compassionate Release, Dkt. #246, is DENIED.

DATED this 12th day of December, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE